# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Robert Scott Carpenter,**
**Defendant Below, Petitioner**

**FILED**
**May 26, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 18-0683** (Kanawha County 13-C-1452)

**Ray Walker and Donnie Walker,**
**Plaintiffs Below, Respondents**

## MEMORANDUM DECISION

Petitioner Robert Scott Carpenter, by counsel Alexander Macia,[1] appeals the July 2, 2018, order of the Circuit Court of Kanawha County entering a default judgment requiring petitioner to (1) connect to a different gas line; (2) remove portions of his driveway, including the concrete and gravel, that extended outside his boundary line; and (3) pay Respondents Ray Walker and Donnie Walker $5,000 in general damages for annoyance and inconvenience. Respondents, by counsel O. Gay Elmore, Jr., filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed, and this case is remanded for further proceedings.

The parties are neighbors involved in a property dispute and have had claims pending against each other since 2013. Respondents assert that petitioner's receipt of natural gas through a certain gas line and his placement of a driveway have interfered with respondents' use and enjoyment of their property. Petitioner filed a counter-claim against respondents alleging adverse possession.

---

[1]Petitioner initially represented himself in this appeal until Attorney Macia filed a notice of appearance on his behalf on November 27, 2019. On December 20, 2019, Attorney Macia filed a motion for a stay of the circuit court's July 2, 2018, order until the resolution of petitioner's appeal. By order entered on April 29, 2020, we granted the motion.

1

On August 30, 2013, respondents filed a motion for a preliminary and/or permanent injunction based on their claims against petitioner. By order entered on October 23, 2013, the circuit court awarded respondents a preliminary injunction, and by order entered on November 19, 2014, awarded respondents a permanent injunction, enjoining petitioner from engaging in further construction activity. Petitioner appealed the October 23, 2013, and November 19, 2014, orders to this Court on December 17, 2014.[2] By dispositional order entered on February 9, 2016, this Court found that neither of the circuit court's orders contained findings of fact and conclusions of law sufficient to permit appellate review of the preliminary and permanent injunctions. Accordingly, this Court dismissed petitioner's appeal and remanded the case for the entry of orders in compliance with Rules 52 and 65 of the West Virginia Rules of Civil Procedure.

Notably, following remand, the circuit court failed to enter orders setting forth findings of fact and conclusions of law supporting the award of the preliminary and permanent injunctions to respondents. The parties continued to litigate their underlying claims in the circuit court. On May 26, 2017, petitioner's then-counsel filed a motion to withdraw from representing petitioner. Petitioner did not file a response to his counsel's motion until August 28, 2017. The circuit court set a hearing on the motion to withdraw for September 8, 2017. On September 6, 2017, petitioner filed a motion for a continuance "[d]ue to circumstances beyond [his] control." The circuit court rescheduled the hearing to November 3, 2017. On that date, petitioner failed to appear for the hearing. By order entered on November 27, 2017, the circuit court (1) granted counsel's motion to withdraw; (2) awarded petitioner a thirty-day continuance to find new counsel; and (3) warned that no further continuance would be permitted. In addition, the circuit court set the trial date as February 26, 2018, and scheduled the pretrial conference for February 8, 2018.[3]

On or about February 5, 2018, petitioner received a phone message from the circuit court's law clerk incorrectly informing petitioner that the pretrial conference was scheduled for February 18, 2018. Following petitioner's failure to appear at the February 8, 2018, pretrial conference, respondents filed a motion for a default against petitioner. The circuit court held a hearing on that motion on February 15, 2018, and petitioner was represented at the hearing by an attorney who made a one-time appearance on petitioner's behalf. By order entered on February 22, 2018, the circuit court granted respondents' motion for a default, finding that petitioner engaged in a "pattern and practice of delay" that was prejudicial to respondents. The circuit court set a hearing on the scope of respondents' relief for February 27, 2018. On February 26, 2018, Mr. Carpenter filed a motion to vacate the default against him.[4]

Petitioner was self-represented at the February 27, 2018, hearing, and the circuit court denied petitioner's motion to vacate. The circuit court found that even if the court's law clerk misinformed petitioner as to the date of the pretrial conference, petitioner's pattern and practice of delay justified the entry of default. The circuit court then heard the parties' testimony regarding

---

[2]We take judicial notice of petitioner's appeal in Case No. 14-1331.

[3]The circuit court directed that a certified copy of its November 27, 2017, order be sent to petitioner at his address.

[4]Petitioner labelled his motion a motion for reconsideration.

respondents' requested relief. Finally, respondents asked the circuit court to dismiss petitioner's counter-claim, arguing that any claim based on adverse possession would have to be proven "by testimony[,] and that's not why we're out here today" given the entry of default against petitioner.

By order entered on July 2, 2018, the circuit court entered a default judgment requiring petitioner to (1) connect to a different gas line; (2) remove portions of his driveway, including the concrete and gravel, that extended outside his boundary line; and (3) pay respondents $5,000 in general damages for annoyance and inconvenience. In addition, the circuit court dismissed petitioner's counter-claim against respondents. It is from the circuit court's July 2, 2018, order that petitioner now appeals.

Rule 55(c) of the West Virginia Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." "A motion to vacate a default judgment is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of discretion." Syl. Pt. 1, *Hardwood Group v. LaRocco*, 219 W. Va. 56, 631 S.E.2d 614 (2006) (Internal quotations and citations omitted). Furthermore,

> "In determining whether a default judgment should be . . . vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party." Syllabus point 3, in part, *Parsons v. Consolidated Gas Supply Corp.*, 163 W. Va. 464, 256 S.E.2d 758 (1979).

> . . . .

> In addressing a motion to set aside a default judgment, "good cause" requires not only considering the factors set out in Syllabus point 3 of *Parsons v. Consolidated Gas Supply Corp.*, 163 W. Va. 464, 256 S.E.2d 758 (1979), but also requires a showing that a ground set out under Rule 60(b) . . . has been satisfied.

*Id.* at 58, 631 S.E.2d at 616, syl. pts. 3 and 5. Pursuant to Rule 60(b)(1), a defaulting party may show good cause on the basis of "[m]istake, inadvertence, surprise, *excusable neglect*, or unavoidable cause." (Emphasis added).

On appeal, petitioner argues that this Court should reverse the circuit court's default judgment against him and remand this case for further proceedings. Respondents counter that the circuit court properly found petitioner in default and then entered the default judgment in respondent's favor. Based upon our review of the record, we agree with petitioner. Here, we find that each of the *Parsons* factors weighed in favor of setting aside the default judgment against petitioner and, further, that there was "good cause" to do so pursuant to Rule 60(b)(1).

First and foremost, the record does not support the circuit court's finding that petitioner engaged in a "pattern and practice of delay" that was prejudicial to respondents. Rather, the record reflects that the circuit court and both parties treated this Court's February 9, 2016, remand order in petitioner's prior appeal as a reversal of the circuit court's November 19, 2014, order. In the November 19, 2014, order, the circuit court awarded respondents an injunction enjoining petitioner from engaging in further construction activity; however, we were unable to review that decision due to the lack of sufficient findings of fact and conclusions of law in the circuit court's order. The circuit court did not comply with our directive to set out findings sufficient to permit appellate review of the November 19, 2017, order. Rather, the parties proceeded to prepare the case for trial. Therefore, we find that the "delay" in obtaining a result in this case is not attributable solely to petitioner, but was also prolonged by the inactions of the circuit court and respondents.

Next, we find that issues of material fact and meritorious defenses are present in this case to preclude award of a default judgment to respondents. At the February 27, 2018, hearing, the circuit court found that it did not have to decide between the parties' competing claims of ownership given the entry of default against petitioner. As a result, petitioner was not allowed to testify in support of his adverse possession claim. Furthermore, we find that, here, there are significant interests at stake. As a result of respondents' claims, the circuit court has required petitioner to (1) connect to a different gas line; (2) remove portions of his driveway, including the concrete and gravel, that extended outside his boundary line; and (3) pay respondents $5,000 in general damages for annoyance and inconvenience.

Finally, we find that petitioner's nonappearance at the February 8, 2018, pretrial conference was the result of excusable neglect, not intransigence. We have reviewed the audio recording of the phone message, wherein the circuit court's law clerk incorrectly informed petitioner that the pretrial conference was scheduled for February 18, 2018, rather than February 8, 2018.[5]

It is settled law in West Virginia that a case should ordinarily be disposed of on its merits. As we stated in *State ex rel. Richmond American Homes of West Virginia, Inc. v. Sanders*, 226 W. Va. 103, 113, 697 S.E.2d 139, 149 (2010), "the sanction of default judgment 'should be used sparingly and only in extreme situations [in order to effectuate] the policy of the law favoring the disposition of cases on their merits.'" (quoting *Bell v. Inland Mut. Ins. Co.*, 175 W. Va. 165, 172, 332 S.E.2d 127, 134 (1985)). Therefore, based upon the particular facts and circumstances of this case, we reverse the circuit court's July 2, 2018, order entering default judgment against petitioner and remand this case for further proceedings.

---

[5]Pursuant to Rule 7(c)(2)(a) of the West Virginia Rules of Appellate Procedure, petitioner certified that the contents of his appendix were true and accurate copies of items contained in the circuit court record in this case. In their response, respondents argue that the appendix was "erroneously designated" but fail to specify the portion(s) of the appendix to which they object. Therefore, we decline to consider this issue as not sufficiently raised by respondents. *See State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) (stating that "[a]lthough we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal").

Reversed and Remanded.

**ISSUED:** May 26, 2020


**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**NOT PARTICIPATING:**

Justice Margaret L. Workman